IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CYNTHIA ANN HOWELLS,                    )
                                        )
               Plaintiff,               )
                                        )
       -vs-                             )    Civil Action No. 21-848
                                        )
KILOLO KIJAKAZI,                        )
*Acting Commissioner of Social Security*, )
                                        )
               Defendant.               )

# O R D E R

AND NOW, this 30th day of September, 2022, upon consideration of Defendant's

Motion for Summary Judgment (Doc. No. 19) filed in the above-captioned matter on April 8,

2022,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No.

17) filed in the above-captioned matter on March 11, 2022,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN

PART.  Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the

Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and

denied in all other respects.  Accordingly, this matter is hereby remanded to the Commissioner

for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

## I.     Background

Plaintiff Cynthia Ann Howells protectively filed a claim for Disability Insurance Benefits

("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-434, effective

June 14, 2016, claiming that she became disabled on January 14, 2016, due to anxiety, depression, colitis, herniated cervical discs, obsessive compulsive disorder ("OCD"), and suicidal ideations.  (R. 120, 285-91, 299).  After her claim was denied initially on October 27, 2016, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on August 28, 2018.  (R. 120, 146-50, 151-52, 54-101).  In a decision dated November 27, 2018, the ALJ denied Plaintiff's request for benefits.  (R. 120-32).

On March 17, 2020, however, the Appeals Council remanded the matter because of inconsistency between the testimony of the vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT").  The Council's remand order directed the ALJ to give further consideration to the claimant's maximum residual functional capacity, providing appropriate rationale with specific evidentiary references, and to obtain supplemental evidence from a VE to clarify the effect of the assessed limitations on Plaintiff's occupational base.  (R. 12, 137-41).  On remand, a telephonic hearing was held on September 1, 2020, at which time Plaintiff amended her DIB claim to one seeking benefits for a closed period from January 14, 2016, to July 11, 2019.  (R. 12, 31-53).  In a decision dated September 15, 2020, the ALJ again denied Plaintiff's request for benefits.  (R. 12-24).  On May 4, 2021, the Appeals Council denied Plaintiff's request for review.  (R. 1-3).  Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.      Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  *See* 42 U.S.C. § 405(g); *Matthews v.*

*Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence). If the district court finds this to be so, it must uphold the Commissioner's final decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

"Substantial evidence" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'" *Id.* So as to facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. Moreover, the Court must ensure the ALJ did not "reject evidence for no

reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act. *See* 20 C.F.R. § 404.1520. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See id.* at § 404.1520(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* at § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See id.* at § 404.1520(a)(4)(iii). If a claimant meets a listing, a finding of disability is

automatically directed.  If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC").  A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments.  *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 404.1545(a).   At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work.  *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994).  If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability.  *See id.* at § 404.1520(a)(4)(v).  In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience.  *See id.*  The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled.  *See id.* at § 404.1523.

III.   **The ALJ's Decision**

In his September 15, 2020 decision, the ALJ found that Plaintiff met the insured requirements of the Act through December 31, 2020.  (R. 14).  The ALJ then proceeded to apply the sequential evaluation process, finding that Plaintiff had not been engaged in substantial gainful activity during the alleged closed period of disability from July 14, 2016, to July 11, 2019.  (*Id.*).  The ALJ also found that Plaintiff met the second requirement of the process insofar as she had the severe impairments of degenerative disc disease, cervical radiculopathy, myofascial pain syndrome, major depressive disorder, anxiety disorder, OCD, and borderline

personality disorder.  (*Id.*).  The ALJ found that Plaintiff's left shoulder bursitis, obesity, and irritable bowel syndrome did not qualify as severe impairments.  (R. 15).  The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three.  (R. 15-17).

The ALJ found that, during the alleged closed period, Plaintiff retained the RFC to perform light work with the following additional limitations:

- Lifting and carrying 20 pounds occasionally and 10 pounds frequently;
- Pushing and pulling as much as she can lift and carry;
- Sitting for 6 hours;
- Standing and/or walking for a total of 6 hours;
- Limited to performing simple, routine tasks;
- Limited to frequent interaction with supervisors, co-workers, and the general public; and
- In addition to normal breaks, she would be off-task more than 5 and less than 10 percent in an 8-hour workday.

(R. 17).  In so finding, the ALJ assigned some or partial weight to the medical opinions of the consultative examiner and state agency psychological consultant, but little weight to Plaintiff's treating physician and psychiatrist.  (R. 20-22).  At Step Four of the process, the ALJ used a VE to determine that Plaintiff was unable to perform any of her past relevant work.  (R. 22).  At Step Five, the VE testified that, based on Plaintiff's age, education, work experience, and RFC, she could perform a significant number of jobs in the national economy, including the representative occupations of marker, housekeeping/cleaner, and router.  (R. 50).  The ALJ adopted the VE's findings, and, accordingly, he found that Plaintiff was not disabled.  (R. 23-24).

## IV.    Legal Analysis

Plaintiff's primary argument is that the ALJ erred in applying the law in effect at the time of her application, leading to his failure to afford appropriate weight to the medical opinions of her treating examining sources.  She also contends that the ALJ failed to comply with the

Appeals Council's remand order.  The Court agrees with Plaintiff's first argument and will, therefore, remand this matter for further consideration.  As such, it will not rule of the second argument although it will address it briefly below.

As discussed, the ALJ, in formulating Plaintiff's RFC, gave some weight to the medical opinion of consultative examiner Einat Rabinovich, M.D. (R. 580-93), and partial weight to the opinion of Ray Milke, Ph.D. (R. 102-15), the state agency psychological consultant.  He afforded little weight, on the other hand, to the opinions of Brinda Navalgund, M.D. (R. 862-65), and Randall Orr, M.D. (R. 858-61).  Plaintiff points out that, although Drs. Navalgund and Orr were treating sources, the ALJ failed to discuss this point or factor it into his analysis.  She further asserts that this is particularly problematic given that her case was filed prior to the amendments to the SSA's regulations in March of 2017 that significantly changed the way ALJs are to approach medical opinion evidence.  The Court agrees.

As Plaintiff points out, the regulations have been amended such that, for cases filed on or after March 27, 2017, the "treating physician rule" has been eliminated in Social Security disability proceedings.  *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases).  *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017).  While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability."  82 Fed. Reg. at 5853.  *See also* §§ 404.1520c(b) and (c).  Were this the version of the regulations that governed here, the ALJ's analysis may have been adequate, given that he did generally address consistency and supportability.

However, because Plaintiff's application was filed in June of 2016, the previous version of the regulations applied, which required substantially more attention to be paid to a source's treating relationship with the claimant in weighing that source's opinion.  In fact, the regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record.  20 C.F.R. § 404.1527(c)(2); *Fargnoli*, 247 F.3d at 43; *Plummer*, 186 F.3d at 429.  As a result, under the applicable regulations, an ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he or she may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided.  *See Plummer*, 186 F.3d at 429.

The problem here is that the ALJ failed to discuss the nature of Dr. Navalgund's treating relationship with Plaintiff and ***failed to even identify Dr. Orr as a treating source***.  (R. 20-21). While Dr. Navalgund is identified as "[t]he claimant's physician," the extent of that relationship, including the fact that Dr. Navalgund treated Plaintiff for pain issues related to her physical impairments (R. at Exs. 11F, 14F), is not addressed at all.  As stated, the ALJ does not even acknowledge that Dr. Orr is a treating source, much less the nature of that relationship, despite the fact that he had a significant treatment history with Plaintiff (R. at Exs. 6F, 12F) that needed to be considered in evaluating his opinion.  Nothing in the ALJ's decision allows the Court to determine whether he considered either Dr. Navalgund's or Dr. Orr's status as a treating source or, if so, how he factored that information into his analysis of the opinion evidence.

By no means is the Court suggesting that the ALJ was required to give more weight to the opinions of Drs. Navalgund or Orr than to those of the non-treating sources. Indeed, even under the pre-March 27, 2017 version of the regulations, when the medical opinion of a treating source conflicts with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales*, 225 F.3d at 317. *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). However, it must be clear to the Court why he is doing so to adequately review his decision. Accordingly, remand is required for an analysis more properly conducted pursuant to Section 404.1527.[1]

Although the Court does not reach the second issue raised by Plaintiff – that the ALJ's decision failed to comport with the Appeals Council's remand order – it does note that in the time between the issuance of the ALJ's 2018 and 2020 opinions, Plaintiff went back to work after receiving Ketamine treatment in July of 2019, which necessitated her seeking benefits for only a closed period. (R. 39). The Appeals Council was apparently unaware of this, and its remand order therefore failed to address this obviously important matter. (R. 137-41). Given the significant change in the nature of this case, one not addressed on appeal, it is unclear just how faithfully the ALJ could have followed the remand order. In any event, the Court encourages the ALJ, on remand here, to consider the changing nature of the record in this case to determine Plaintiff's proper RFC for the relevant period from July 2016 to July 2019.

Along these lines, the Court notes that the RFC in the decision before the Court is far less restrictive than the one the same ALJ formulated in his November 27, 2018 decision. (R. 17, 125). While there is nothing improper about this *per se*, given that the prior decision was issued in late November of 2018 and that the closed period ended shortly thereafter in July of 2019, it is

---

[1]     Because it is the need for additional explanation by the ALJ that necessitates a remand in this case, the record does not permit the Court to reverse and remand the case for an award of benefits. *See Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984).

not apparent why there was such a radical change in the RFC findings.  In fact, the ALJ himself implied that Plaintiff's status had not much changed, stating that "the evidence does not support medical improvement in July 2019 as the claimant alleges and instead supports the conclusion that she would have been capable of engaging in work consistent with the [RFC] during the alleged closed period."  (R. 20).  It would appear, then, that the ALJ completely reformulated the RFC based largely on Plaintiff's return to work after Ketamine treatment.  Again, while this was not necessarily in error, further explanation would assist the Court in reviewing such a decision to ensure that it is supported by substantial evidence.

V.      **Conclusion**

In short, the record does not permit the Court to determine whether the ALJ's evaluation of the opinion evidence and formulation of the RFC is supported by substantial evidence. Accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case.  The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:            Counsel of record